1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

12

JEANNE C.,

Plaintiff,

Case No.  EDCV 22-1569-RAO

13

v.

**MEMORANDUM OPINION AND ORDER**

14

15

16

KILOLO KIJAKAZI,
Acting   Commissioner   of   Social
Security,

Defendant.

17

**I.      INTRODUCTION**

18

19

20

21

22

Plaintiff Jeanne C.[1] ("Plaintiff") challenges the Commissioner's denial of her application for supplemental security income ("SSI") under Title XVI of the Social Security Act.  For the reasons stated below, the decision of the Commissioner is REVERSED.

///

23

///

24

///

25

26

27

28

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.     SUMMARY OF PROCEEDINGS

On August 26, 2019, Plaintiff filed an application for SSI, alleging that she had been disabled since January 1, 2013, due to depression, ulcerative colitis, panic attacks, and chronic obstructive pulmonary disease (COPD).  (Administrative Record ("AR") 14, 198-203, 222.)  Her claim was denied initially on October 16, 2020, and upon reconsideration on January 21, 2021.  (AR 14, 74-115.)  On March 1, 2021, Plaintiff filed a written request for hearing, and a hearing was held on October 5, 2021.[2]  (AR 44-73, 135, 150-64.)  Plaintiff, represented by counsel, appeared and testified, along with an impartial vocational expert ("VE").  (AR 44-73.)  On October 15, 2021, the ALJ found that Plaintiff had not been under a disability since August 26, 2019, the date the application was filed.[3]  (AR 14-28.)  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.  (AR 1-7.)  Plaintiff filed this action on September 7, 2022.  (Dkt. No. 1.)

To determine whether Plaintiff was disabled under the Social Security Act, the ALJ followed a five-step sequential evaluation process.  *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (superseded by statute on other grounds).  At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 26, 2019, the application date.  (AR 16.)  At **step two**, the ALJ found that Plaintiff has the severe impairments of general anxiety disorder, major depression, COPD, chronic ulcerative colitis, hiatal hernia, inflammatory polyarthritis, hyperlipidemia, and supraventricular tachycardia (SVT).  (*Id*.)  At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment in 20 C.F.R.

---

[2] The hearing was telephonic due to the COVID-19 pandemic.  (AR 46.)

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months.  42 U.S.C. § 423(d)(1)(A).

1 | § 416.920(d), 416.925, or 416.926.  (AR 17.)

2 |    Before proceeding to step four, the ALJ found that Plaintiff has the residual
3 | functional capacity ("RFC") to perform light work, except she can frequently push
4 | and pull with the bilateral upper extremities; can frequently stoop, kneel, crouch,
5 | crawl, balance, and climb; should avoid extreme cold and extreme heat; can tolerate
6 | occasional exposure to pulmonary irritants such as dust, odors, gases and fumes; can
7 | understand, remember and carry out simple, routine tasks; and can occasionally
8 | interact with the public.  (AR 19.)

9 |    At **step four**, the ALJ found that Plaintiff has no past relevant work.  (AR 25.)
10 | At **step five**, the ALJ found that considering Plaintiff's age, education, work
11 | experience, RFC, and the VE's testimony, there are jobs that exist in significant
12 | numbers in the national economy that Plaintiff can perform.  (AR 25-26).
13 | Accordingly, the ALJ found that Plaintiff "has not been under a disability . . . since
14 | August 26, 2019, the date the application was filed."  (AR 27.)

## III.   STANDARD OF REVIEW

   Under 42 U.S.C. § 405(g), a district court may review the Commissioner's
decision to deny benefits.  A court must affirm an ALJ's findings of fact if they are
supported by substantial evidence, and if the proper legal standards were applied.
*Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).  "Substantial evidence .
. . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such
relevant evidence as a reasonable mind might accept as adequate to support a
conclusion.'"  *Biestek v. Berryhill*, —U.S. —, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d
504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).
An ALJ can satisfy the substantial evidence requirement "by setting out a detailed
and thorough summary of the facts and conflicting clinical evidence, stating his
interpretation thereof, and making findings."  *Reddick v. Chater*, 157 F.3d 715, 725
(9th Cir. 1998) (citation omitted).

  ///

1    "[T]he Commissioner's decision cannot be affirmed simply by isolating a

2    specific quantum of supporting evidence.  Rather, a court must consider the record

3    as a whole, weighing both evidence that supports and evidence that detracts from the

4    Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001)

5    (citations and internal quotations omitted).  "'Where evidence is susceptible to more

6    than one rational interpretation,' the ALJ's decision should be upheld."  *Ryan v.*

7    *Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*,

8    400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins v. Social Sec. Admin.,* 466 F.3d

9    880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing

10   the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").  The

11   Court may review only "the reasons provided by the ALJ in the disability

12   determination and may not affirm the ALJ on a ground upon which he did not rely."

13   *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340

14   F.3d 871, 874 (9th Cir. 2003)).

15   **IV.    DISCUSSION**

16        Plaintiff raises three issues for review:  (1) the ALJ failed to account for all of

17   her limitations when determining her RFC; (2) the ALJ failed to provide a complete

18   hypothetical question to the VE; and (3) the ALJ failed to properly consider her

19   subjective complaints.  (Joint Submission ("JS") at 2.)  For the reasons below, the

20   Court remands.

21        **A.     The ALJ Erred in Rejecting Plaintiff's Subjective Symptom**

22             **Testimony**[4]

23        Plaintiff contends that the ALJ failed to properly consider her subjective

24   complaints. (JS at 17-20.)  Specifically, Plaintiff argues that the ALJ did not address

25   any of her specific statements or complaints, identify which statements or complaints

26   were accepted or rejected, and provide specific, clear, and convincing reasons for

27   _____

28   [4] Because subjective symptom testimony is one factor that the ALJ must consider
     when assessing a claimant's RFC, the Court addresses this issue first.

rejecting those statements or complaints.  (JS at 17-20.)  The Commissioner contends that the ALJ properly addressed and evaluated Plaintiff's subjective allegations.  (JS at 21-29.)

### 1.  Applicable Legal Standards

Where, as here, the claimant has presented evidence of an underlying impairment and the ALJ did not make a finding of malingering (*see* AR 19), the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms . . . and determine the extent to which [those] symptoms limit [his or her] . . . ability to perform work-related activities."   Soc. Sec. Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4.  In assessing the intensity and persistence of symptoms, the ALJ "examine[s] the entire case record, including the objective medical evidence; an individual's statements . . . ; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id*. at *4.  The ALJ must provide "specific, clear, and convincing reasons" for rejecting the claimant's statements.  *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citations and internal quotation marks omitted); *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  "General findings are insufficient." *Lester*, 81 F.3d at 834.

### 2.  Background

In a Function Report dated March 1, 2020, Plaintiff stated that she cannot work due to bleeding all day from ulcers (colitis), panic attacks, and COPD.  (AR 233.) She cannot cook anymore because it makes her panic.  (AR 235.)  She cannot do housework and yard work because she "can't stand long enough[,] get[]s confusing, weak, start bleeding, stomach hurt[]s." (AR 236.)  She does not go out because she is always bleeding and has to lie down a lot.  (*Id*.)  She cannot stand to be awake because of panic attacks and depression.  (AR 237.)  She can walk 15-25 feet and

then will need to rest 15 or 20 minutes.  (AR 238.)

At the hearing on October 5, 2021, Plaintiff testified that she cannot work because she is "so sick all the time" and she has to lie down due to nausea, stomach pain, and worsening daily migraines.  (AR 57, 60.)  Because of her stomach pain/constipation, she is in the restroom "all day long," without relief.  (AR 57-58.) She also has pain in her neck, back, and legs, so she cannot walk.  (AR 60.)  She goes grocery shopping only "a couple times a month" because she is "too nervous" to be around "everybody."  (AR 53.)  She cannot walk 20-30 feet to the mailbox and back without being out of air from COPD.  (AR 60-61.)  Her heart skips beats and the last time she tried to "just walk, . . . it just was like, yeah, I'm going to have a heart attack or something."  (AR 62.)  She gets panic attacks "out of nowhere," and her mental health medication does not work.  (AR 53-54, 64.)  She tries not to lift anything because of her hernia.  (AR 65.)  She can stand for "just a couple minutes" before she has to sit down.  (AR 66.)  She cannot sit even 15 minutes.  (AR 66-67.)  She lies down at least seven hours during the day.  (AR 67.)

### 3. Analysis

In discounting Plaintiff's testimony, the ALJ relied on (1) inconsistencies between Plaintiff's statements and the objective medical evidence; and (2) the lack of supporting objective medical evidence.[5]  (AR 20-22.)  Because no malingering allegation was made, the ALJ's reasons must be "specific, clear, and convincing." *Lambert*, 980 F.3d at 1277.

---

[5] Plaintiff argues that her activities of daily living of bathing and dressing without assistance is not a specific, clear and convincing reason for rejecting her symptom testimony.  (JS at 19-20.)  The Court finds that the ALJ did not discount Plaintiff's symptom testimony based on her activities of daily living, so it does not consider this reason.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

1
2

**a. Inconsistencies Between Plaintiff's Statements and the Objective Medical Evidence**

3       The ALJ found that Plaintiff's subjective statements were inconsistent with the

4   objective medical evidence.  (AR 20.)  This can be a legitimate ground for

5   discounting a claimant's subjective statements.  *See Johnson v. Shalala*, 60 F.3d

6   1428, 1434 (9th Cir. 1995) (finding that contradiction with medical records is a

7   sufficient basis for rejecting a claimant's subjective testimony); *see also Klein v.*

8   *Berryhill*, 717 F. App'x 664, 666 (9th Cir. 2017) (Mem.) (finding inconsistency

9   between a claimant's testimony and objective medical evidence can comprise a clear

10  and convincing reason for rejecting the testimony).

11      Here, with the exception of Plaintiff's stomach symptom allegations, the ALJ

12  did not identify any other subjective complaints he was discounting as inconsistent

13  with the objective medical evidence, nor did he identify what evidence conflicted

14  with those subjective complaints.[6]  (AR 19-20.)  While an ALJ is not required "to

15  perform a line-by-line exegesis of the claimant's testimony," *Lambert*, 980 F.3d at

16  1277 (citing *Treichler*, 775 F.3d at 1103 ("[T]he ALJ's analysis need not be

17  extensive.")), an ALJ must consider "all of the individual's symptoms" in assessing

18  a claimant's symptom testimony.  *See* SSR 16-3p, 2017 WL 5180304, at *2.  It is not

19  clear to the Court that the ALJ considered all of Plaintiff's symptom testimony.  Thus,

20  inconsistency with the medical evidence was not a specific, clear, and convincing

21  reason for discounting all of Plaintiff's symptom testimony.

22      The Commissioner argues that the ALJ need not explain why he was

23  discounting specific symptom testimony because he did not reject Plaintiff's

24  subjective complaints.  (JS at 22.)  The Court disagrees.  The RFC does not account

25  for all of Plaintiff's symptoms, including allegations that she cannot walk due to pain,

26

27  [6] The ALJ noted Plaintiff's symptoms "such as stomach issues, anxiety and
    headaches," but only discussed the stomach symptoms when evaluating Plaintiff's
28  symptom testimony.  (AR 19.)

1 | limited air, and her heart skipping beats (AR 60-62); gets panic attacks and is nervous

2 | being around people[7] (AR 53); cannot sit for 15 minutes (AR 66-67); and must lie

3 | down most of the day (AR 67).  Therefore, the ALJ did not accept Plaintiff's

4 | subjective complaints.  The Commissioner's alternative argument—that the ALJ

5 | reasonably concluded that Plaintiff's statements were "not entirely consistent" with

6 | the evidence in the record—also fails, for the reasons discussed above.  To the extent

7 | the Commissioner attempts to connect Plaintiff's symptom testimony with purported

8 | conflicting evidence in the record, the Court cannot rely on this *post hoc*

9 | rationalization because the ALJ did not make these connections.  *See Garrison v.*

10 | *Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (district court's review is limited to only

11 | grounds relied upon by ALJ) (citation omitted).

12 |       With respect to Plaintiff's alleged stomach symptoms, the ALJ identified

13 | specific medical records that he found to contradict Plaintiff's subjective testimony.

14 | The ALJ found the stomach symptoms inconsistent with evidence that Plaintiff's

15 | colonoscopy in August 2020 showed mild findings and no active bleeding, and

16 | physical examinations of her abdomen in July 2019, September 2020 and May 2021

17 | were unremarkable.  (AR 20, 406, 440, 449, 474, 534.)  *See Garza v. Astrue*, 380 F.

18 | App'x 672, 673 (9th Cir. 2010) (Mem.) (finding that an ALJ properly considered a

19 | claimant's normal examination findings when evaluating claimant's symptom

20 | testimony); *see also Margolis v. Berryhill*, 2018 WL 3129775, at *10 (C.D. Cal. June

21 | 22, 2018) (holding that ALJ may rely on normal and unremarkable examinations in

22 | discounting a claimant's subjective testimony).  At the consultative examination in

23 | September 2020, Plaintiff's ulcerative colitis and GI issues were noted to be managed

24 | with medication.  (AR 21, 450.)  Plaintiff does not dispute the examination findings,

25 | but argues that the record also shows that she repeatedly complained of stomach pain.

26 | (JS at 18; AR 400, 405, 440-42, 450, 458, 462, 472, 476, 498, 503, 520-21, 532, 534,

27 | 538, 545, 549-50.)  The ALJ's interpretation of this evidence was rational and shall

28 |

---

[7] The RFC only limits Plaintiff to occasional interaction with the public.  (AR 19.)

8

1  not be disturbed. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where

2  the evidence is susceptible to more than one rational interpretation, one of which

3  supports the ALJ's decision, the ALJ's conclusion must be upheld.") (citation

4  omitted); *see also Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1193 (9th Cir. 2004)

5  ("[T]he Commissioner's findings are upheld if supported by inferences reasonably

6  drawn from the record.") (citation omitted).

7        Accordingly, inconsistency with the medical evidence is a specific, clear, and

8  convincing reason to reject Plaintiff's testimony only as to her alleged stomach

9  symptoms, but not as to her other symptom testimony.

10              **b.  Lack of Supporting Objective Medical Evidence**

11       The lack of supporting objective medical evidence cannot form the sole basis

12  for discounting testimony, but it is a factor that the ALJ may consider in making a

13  credibility determination. *Burch*, 400 F.3d at 681; *Rollins v. Massanari*, 261 F.3d

14  853, 856 (9th Cir. 2001) (citation omitted).

15       Here, the ALJ found that the objective medical evidence did not support a more

16  restrictive RFC. (AR 20-23.) The ALJ reasoned that the medical evidence regarding

17  Plaintiff's COPD, chronic ulcerative colitis, hiatal hernia, inflammatory polyarthritis,

18  hyperlipidemia, and supraventricular tachycardia supported the assessed RFC. (AR

19  20.) Although the ALJ provided a detailed discussion about the evidence in support

20  of the RFC, he did not articulate how any of the medical evidence undermined

21  Plaintiff's symptom testimony. *See Lambert*, 980 F.3d at 1278; *Brown-Hunter v.*

22  *Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("Although the ALJ summarized a

23  significant portion of the administrative record in support of her RFC determination,

24  providing a summary of medical evidence in support of a residual functional capacity

25  finding is not the same as providing clear and convincing reasons for finding the

26  claimant's symptom testimony not credible."). That is, he failed to "link that

27  testimony to the particular parts of the record supporting [the ALJ's] non-credibility

28  determination." *Brown-Hunter*, 806 F.3d at 494; *see also Burrell v. Colvin*, 775 F.3d

1   1133, 1139 (9th Cir. 2014) (holding that the ALJ erred because he "never connected

2   the medical record to Claimant's testimony" nor made "a specific finding linking a

3   lack of medical records to Claimant's testimony about the intensity of her . . . pain").

4   Even assuming that the ALJ had explained how the medical evidence undermined

5   Plaintiff's testimony, a purported lack of objective medical evidence is not, on its

6   own, a sufficient basis to discount a claimant's testimony.  *See Burch*, 400 F.3d at

7   681.

8   Accordingly, the ALJ's rejection of Plaintiff's symptom testimony based on

9   lack of supporting medical evidence was error.

10   In sum, because the ALJ failed to provide specific, clear, and convincing

11   reasons for discounting Plaintiff's subjective testimony, except for her stomach

12   symptom testimony, remand is warranted on this issue.

13   **B.      The Court Declines to Address Plaintiff's Remaining Issues**

14   Having found that remand is warranted, the Court declines to address

15   Plaintiff's remaining issues.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012)

16   ("Because we remand the case to the ALJ for the reasons stated, we decline to reach

17   [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v.*

18   *Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not

19   address the other claims plaintiff raises, none of which would provide plaintiff with

20   any further relief than granted, and all of which can be addressed on remand.").

21   **C.      Remand for Further Administrative Proceedings**

22   Plaintiff contends that the ALJ's decision should be reversed and the matter

23   remanded for further proceedings. (JS at 30.)  The Commissioner contends that the

24   decision should be affirmed.  (*Id.*)

25   The Court finds that remand for further administrative proceedings is

26   appropriate, as further administrative review could remedy the ALJ's errors.  *See*

27   *Brown-Hunter*, 806 F.3d at 495 (remanding for an award of benefits is appropriate in

28

rare circumstances).[8]  The Court finds that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence to discount Plaintiff's subjective testimony about all of her symptoms except her stomach symptoms.  On remand, the ALJ shall reassess Plaintiff's subjective testimony.  The ALJ shall then reassess Plaintiff's RFC in light of the reassessment of Plaintiff's subjective allegations and proceed through step four and step five to determine what work, if any, Plaintiff is capable of performing.  This order does not preclude the ALJ from considering, on remand, any other arguments raised by Plaintiff.

## V.   CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED:  July 26, 2023

_____/s/_____

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

---

[8] Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  *Id.* (citations omitted).  Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  *Id.* (citation omitted).

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**